[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE AUGUST 20 1998 DATE OF APPLICATION AUGUST 20, 1998 DATE OF APPLICATION FILED SEPTEMBER 3, 1998 DATE OF DECISION FEBRUARY 27, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR 96-253834.
Ronald Gold, Esq. Defense Counsel, for Petitioner
John Connelly, Esq. States Attorney, for the State
 BY THE DIVISION
CT Page 4537
After trial before a three-judge panel the petitioner was convicted of Manslaughter in the First Degree and sentenced to 20 years incarceration. It is this sentence the petitioner seeks to have reviewed.
The underlying factual basis involves the petitioner striking her 20-month old child repeatedly in the abdominal area which trauma caused the child's death.
Counsel for the petitioner represented to the Division that this case was a capital prosecution which was unwarranted from the outset. Counsel indicated that the petitioner in her initial statements to authorities denied liability and that after her arrest she requested to speak to an investigating officer and gave an inculpatory statement.
Counsel for petitioner opined that petitioner's sentence is excessive in that petitioner had no prior criminal history and she experienced a tragic family life in that her mother was involved with alcohol and drugs and they were burned out of their home.
Counsel for petitioner indicated, in support of mitigation, that petitioner suffered multiple incidences of abuse as a child and these incidences were documented in various hospital records. Counsel further indicated the petitioner had been previously hospitalized for depression.
In support of his claim that the sentence was excessive counsel cited comparative sentences in other child killing cases wherein the sentences imposed were substantially lesser in duration.
Counsel for the State indicated that the 20-month old victim was at the time of her death 2'8" tall and weighed 22 lbs. Counsel indicated the day of the incident the petitioner was upset and she took her fist and punched the victim repeatedly in the abdominal area. Counsel indicated that a record of the extent of the child's injuries can be found at56 Conn. App. 742-749 and that at least three blows to the child's abdominal area injured major organs. Counsel for the State indicated that CT Page 4538 the petitioner inculpated herself in her last statement only after a bite mark on the child was identified as having been placed by the petitioner. Counsel further indicated the petitioner had some previous health care training and despite this training did not immediately take the victim to the hospital, but only did so upon the instigation of her then boyfriend. Counsel for the State indicated that in petitioner's initial comments to police the petitioner was more concerned with her situation and expressed no concern for the child-victim's condition.
It was counsel for the states position that petitioner received all the consideration she warranted from the three-judge panel finding her guilty of the lesser included offense of Manslaughter in the First Degree.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J., Maczak, J. and Norko, J. participated in this decision. CT Page 4539
[EDITORS' NOTE: CT Page 4539 to 4637 are blank.] CT Page 4638